Eric and Harriet Stricklen
3345 Spyglass Ct
Fairfield, CA 94534
(510)774-9570

PLAINTIFF, IN PRO PER


FILED
JUL 12 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DICTRICT OF CALIFORNIA

| | |
|---|---|
| Eric and Harriet Stricklen ) | Case No.: 2:17 - CV - 1 4 4 6 GEB EFB PS |
| ) | |
| Plaintiff, ) | COMPLAINT AND REQUEST FOR |
| ) | PRELIMINARY AND PERMANENT |
| vs. ) | INJUNCTIONS, AND FOR DAMAGES |
| ) | |
| Bayview Servicing, Clear Recon Corp. The ) | |
| Bank of New York Mellon FKA The Bank of ) | |
| New York, as Trustee ) | |
| ) | |
| Defendants | |

**Basis for Federal Jurisdiction**

Basis for federal jurisdiction is Diversity of Citizenship. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Defendant Bayview Loan Servicing is incorporated under the State of Florida and has its principal business in the State of Florida. Defendant The Bank of New

York Mellon FKA The Bank of New York incorporated under the State New York and has its principal business in the state of New York.

The amount in controversy is more than $75,000, not counting interest and costs of court. The home value in controversy is stated at $699, 384.81

Plaintiff alleges:

1. Plaintiff, Eric Stricklen and Harriet Stricklen as joint tenants and owners of 3345 Spyglass Ct, Fairfield, CA 94534, and at all times mentioned in this complaint was, a natural person residing in Solano County.

2. Defendant, Clear Recon Corp. 1) Failed to give required trustee sale notice to plaintiffs as required in California Civil Code section 2924 foreclosure process regarding 3345 Spyglass Ct, Fairfield, CA 94534. Defendant, Bayview Loan Servicing provided a disclosure stating borrowers can request a telephone meeting within the next 14 days to discuss the loan. Plaintiff requested the meeting immediately. Servicing officer suggested the meeting next day at 9am to provide payoff and discuss. 2) Failed to return agreed scheduled call on July 7, 2017 at 9am.

3. Defendant Bayview Loan Servicing, Clear Recon Corp. The Bank of New York Mellon FKA The Bank of New York, as Trustee are, and at all times mentioned in this complaint was, Bayview Servicing, Clear Recon Corp. The Bank of New York Mellon FKA The Bank of New York, as Trustee. Bayview Loan Servicing collects payment on behalf of the beneficiary. Clear Recon Corp has processed the order for foreclosure and sell proceedings. The Bank of New York Mellon FKA The Bank of New York, as Trustee and beneficiary. The defendant's duties to the plaintiffs are to

provide access to files, electronic files, recording's and actions pertaining to the loan, its payments and requests for a workout plan to reinstate the loan.

## Statement of Claim

(For Preliminary and Permanent Injunction Against
Bayview Servicing, Clear Recon Corp. The Bank of New York Mellon FKA The Bank of New York, as Trustee)

5. Beginning on or about June 21, 2017, defendants, 1) Clear Recon Corp failed to provide certified letter as required to notice homeowners, began proceedings to sell 3345 Spyglass Court, Fairfield CA 94534 without providing proper notice to homeowners Eric Stricklen and Harriet Stricklen (see attached California Judicial Courts procedures). In addition, 2) Bayview Loan Servicing failed to follow-up with its initial communication with plaintiff after plaintiff requested loan payoff and a telephone meeting with Carla Mattos, account representative on July, 6 2017. Carla Mattos advised plaintiff Eric Stricklen and his representative has the right to request a meeting within the next fourteen (14) days from the day's date of July 6, 2017. Plaintiff requested the meeting immediately and requested a payoff statement. Carla Mattos confirmed the request and date to callback on July 7, 2017 at 9am Pacific Time, and will follow up with the email and payoff statement. The statement was not emailed nor was a call from Carla Mattos received as of July 10, 2017.

6. On June 24, 2017 Harriet Stricklen contacted Bayview Loan Servicing, Hamp Escalations at Bayview loan servicing and Aldridge and Pite stating "June 22, 2017 trustee sale notice of our home at 3345 Spyglass Ct was placed in our mailbox for service with a sale date of August 2, 2017. That is not the legal way to serve a homeowner in CA. We will file a claim against this action immediately! We are very disheartened on how this issue is moving." Defendants responded stating the notice was posted on the community gate as public notice and therefore constitute notice to the owners." (See attached email transcript)

7. Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff as the home will be sold without warning and without the homeowners being able to legally exercise its rights to reinstate their home.

8. Plaintiff has no adequate remedy at law for the selling the property as an award of monetary damages would not provide an adequate remedy as the issue is to investigate the processes of the defendants.

## Relief

Plaintiff prays judgment against defendant(s) as follows:

1. For a preliminary injunction, and a permanent injunction, all enjoining defendants:

    a. Defendants shall cancel sell/auction for 3345 Spyglass Ct property on August 2, 2017.

    b. Due to the errors by defendants, defendants shall allow plaintiff's opportunity to conduct internal audit and review all documents, payments, call logs, recordings and responses and results to requests for modifications, repayments and workout plan requests from 2014 to current.

    c. honor plaintiffs request to be place missed payments to the back of the back of the loan as requested for modification, not modifying or effecting current monthly payment agreement of $2,959.18 to remain the same.

3. Plaintiffs request defendants pay any legal costs associated with complaint.

4. For costs of suit incurred in this action; and

5. For such other and further relief as the court deems proper.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED: July 10, 2017

Eric and Harriet Stricklen
In Pro Per

Hello Attorney Warren,
We are moving forward with a plan to become current on the mortgage. We requested for a forbearance to the arrears to give us time to get the arrears caught-up. We will keep the monthly payments current. Who is my point of contact to make this request?

Eric Stricklen
[Quoted text hidden]

---

**Annette I. Warren** <AWarren@aldridgepite.com>                    Fri, Jun 30, 2017 at 7:13 AM
To: I Am <4hstrick@gmail.com>
Cc: "hampescalations@bayviewloanservicing.com" <hampescalations@bayviewloanservicing.com>

Dear Mr. Stricklen:


You will need to reach out to the servicer regarding your request for a forbearance agreement. If, however, you need other information regarding the foreclosure, feel free to contact me or Clear Recon (the trustee).


Annette I. Warren*

*Associate Attorney*

**Aldridge | Pite, LLP**

4375 Jutland Drive

San Diego, CA 92117

Main Office: 858-750-7600

Direct Dial:   858-750-7694

Office Fax:   858-412-2654

awarren@aldridgepite.com

**Alabama | Alaska | Arizona | California | Florida | Georgia | Hawaii | Idaho | Nevada | New Mexico | New York | Oregon | Tennessee | Texas | Utah | Washington**


*Licensed in California




**From:** I Am [mailto:4hstrick@gmail.com]
**Sent:** Friday, June 30, 2017 7:10 AM
**To:** Annette I. Warren
**Cc:** hampescalations@bayviewloanservicing.com
**Subject:** Re: FW: Acct# 965328_Trustee Sale Notice TS#049711-CA SALE 08/02/2017 10:30 AM

Alabama | Alaska | Arizona | California | Florida | Georgia | Hawaii | Idaho | Nevada | New Mexico | New York | Oregon | Tennessee | Texas | Utah | Washington

*Licensed in California

---

**From:** I Am
**Sent:** Saturday, June 24, 2017 3:39:12 AM
**To:** info; hampescalations@bayviewloanservicing.com; Carla Matos
**Subject:** Acct# 965328_Trustee Sale Notice

June 22, 2017 trustee Sale notice of our home 3345 Spyglass Ct was placed in my mailbox for service for a sale date of August 2, 2017. That is not the legal way to serve a homeowner in CA. We will file a claim against this action immediately! We are very disheartened on how this issue is moving.

Eric and Harriet Stricklen

Please excuse brevity and typos-Sent via the Samsung Galaxy Note® 3, an AT&T 4G LTE smartphone.

**This is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose. However, if you are in an active bankruptcy case or have received a discharge of your personal liability for this debt in bankruptcy, our firm does not seek to enforce your personal liability for the debt, but may be able to pursue legal action to obtain possession of the collateral which is security for the debt to the extent that our client has a valid lien against the collateral.**

This e-mail and any attachments contain information from the law firm of Aldridge Pite, LLP and are intended solely for the use of the named recipient(s). This e-mail may contain privileged attorney-client communications or work product. Any dissemination of this e-mail or its attachments by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or its attachments or from making any use of same. If you believe you have received this e-mail in error, please notify the sender by replying to this email or calling the sender at (404) 994-7400 and delete the e-mail from any drives or storage media and destroy any print out(s) of this e-mail or its attachments.

---

📎 Posting affidavit.pdf
530K

---



I Am <4hstrick@gmail.com>    Fri, Jun 30, 2017 at 7:10 AM
To: "Annette I. Warren" <AWarren@aldridgepite.com>
Cc: hampescalations@bayviewloanservicing.com

 Gmail

I Am <4hstrick@gmail.com>

## FW: Acct# 965328_Trustee Sale Notice TS#049711-CA SALE 08/02/2017 10:30 AM

4 messages

**Annette I. Warren** <AWarren@aldridgepite.com>  Thu, Jun 29, 2017 at 8:37 AM
To: "4hstrick@gmail.com" <4hstrick@gmail.com>
Cc: "hampescalations@bayviewloanservicing.com" <hampescalations@bayviewloanservicing.com>

Dear Mr. and Mrs. Stricklen:

Per the affidavit of posting attached, the Notice of Sale was posted to the community gate as the server was not allowed access, which posting, according to California Civil Code section 2924f(b)(3), is proper service. We have no knowledge as to how the notice was placed in your mailbox, therefore, we are unable to provide a response.

Civil Code section 2924f(b)(3): A copy of the notice of sale shall also be posted in a conspicuous place on the property to be sold at least 20 days before the date of sale, where possible and where not restricted for any reason. If the property is a single-family residence the posting shall be on a door of the residence, but, if not possible or restricted, then the notice shall be posted in a conspicuous place on the property; however, if access is denied because a common entrance to the property is restricted by a guard gate or similar impediment, the property may be posted at that guard gate or similar impediment to any development community.

Annette I. Warren*

*Associate Attorney*

**Aldridge | Pite, LLP**

4375 Jutland Drive

San Diego, CA 92117

Main Office: 858-750-7600

Direct Dial:   858-750-7694

Office Fax:    858-412-2654

awarren@aldridgepite.com

**From:** I Am
**Sent:** Saturday, June 24, 2017 3:39:12 AM
**To:** info; hampescalations@bayviewloanservicing.com; Carla Matos
**Subject:** Acct# 965328_Trustee Sale Notice

June 22, 2017 trustee Sale notice of our home 3345 Spyglass Ct was placed in my mailbox for service for a sale date of August 2, 2017. That is not the legal way to serve a homeowner in CA. We will file a claim against this action immediately! We are very disheartened on how this issue is moving.


Eric and Harriet Stricklen



Please excuse brevity and typos-Sent via the Samsung Galaxy Note® 3, an AT&T 4G LTE smartphone.


**This is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose. However, if you are in an active bankruptcy case or have received a discharge of your personal liability for this debt in bankruptcy, our firm does not seek to enforce your personal liability for the debt, but may be able to pursue legal action to obtain possession of the collateral which is security for the debt to the extent that our client has a valid lien against the collateral.**

This e-mail and any attachments contain information from the law firm of Aldridge Pite, LLP and are intended solely for the use of the named recipient(s). This e-mail may contain privileged attorney-client communications or work product. Any dissemination of this e-mail or its attachments by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or its attachments or from making any use of same. If you believe you have received this e-mail in error, please notify the sender by replying to this email or calling the sender at (404) 994-7400 and delete the e-mail from any drives or storage media and destroy any print out(s) of this e-mail or its attachments.

 I Am <4hstrick@gmail.com>

## Acct# 965328_Trustee Sale Notice
2 messages

**I Am** <4hstrick@gmail.com>　　　　　　　　　　　　　　　　　Sat, Jun 24, 2017 at 12:39 AM
To: info@aldridgepite.com, hampescalations@bayviewloanservicing.com, Carla Matos <carlamatos@bayviewloanservicing.com>

June 22, 2017 trustee Sale notice of our home 3345 Spyglass Ct was placed in my mailbox for service for a sale date of August 2, 2017. That is not the legal way to serve a homeowner in CA. We will file a claim against this action immediately! We are very disheartened on how this issue is moving.

Eric and Harriet Stricklen

Please excuse brevity and typos-Sent via the Samsung Galaxy Note® 3, an AT&T 4G LTE smartphone.

---

**Client Notifications Group** <clientnotifications@aldridgepite.com>　　　　Mon, Jun 26, 2017 at 8:13 AM
To: "4hstrick@gmail.com" <4hstrick@gmail.com>
Cc: Client Notifications Group <clientnotifications@aldridgepite.com>

Hello –

I have forwarded your email to our legal counsel for review.  Thank you!

Clariben Huntington on behalf of Client Notifications

Aldridge | Pite, LLP

4375 Jutland Drive

San Diego, CA 92117

Main Office: (858) 750-7600

www.aldridgepite.com

Alaska | Arizona | California | Florida | Georgia | Hawaii | Idaho | Nevada | New Mexico | New York | Oregon | Texas | Utah | Washington

# STOX

**896229**                                                                                                                                         **# of Postings/Multi Language: 1 / 1**

| | |
|---|---|
| **TRUSTEE:** Clear Recon Corp | **TS NO:** 049711-CA |
| **ADDRESS:** 3345 Spyglass Court | **CITY:** Fairfield  **STATE:** CA  **ZIP:** 94534 |
| **TRUSTOR:** Eric Stricklen and Harriet Stricklen | |
| **POST ON:** 06/21/2017   **POST BY:** 06/23/2017 | **APN:** 0151-900-070 |

## POSTING CERTIFICATE

I, the undersigned, do hereby certify that I am of legal age and competent to be a witness relating to the matters herein: On **06/21/2017** I posted a copy(s) of the Notice of: ☐ Default  ☑ Trustee's Sale  ☑ CCC 2924.8  ☑ CCC 2923.3  ☐ Declaration pursuant to California Civil Codes 2923.3, 2924f and 2924.8 on the property described in the Notice of Trustee's Sale or Notice of Default. I posted on the **Locked Gate Barring Access** of a **Unknown**

On **06/21/2017** a copy of the Notice of Trustee's Sale was posted in a public place in accordance with California Civil Code 2924f(1) at the bulletin board inside the City Hall, Solano County, 555 Santa Clara Ave, Vallejo, CA

I certify under penalty of perjury that the foregoing is true and correct: _____   **06/21/2017**
                                                                                                               Gerardo Gonzalez           Date:

## PROPERTY CONDITION REPORT

| Improvements/Land Use: | General Info: | Parking: |
|---|---|---|
| Structure: Unknown | Occupancy: Unknown | Garage: Unknown |
| Stories: Unknown | Occupancy Contact: No | Attached: Unknown |
| Color: Unknown | Area: Residential | Open Parking: 0 |
| Roof: Unknown | Property Value: Unknown | Additional: See Comments |
| Exterior: Unknown | Vandalism Risk: Low | Carport: No |
| Landscape: Unknown | | |

For Sale Sign: Unknown.        Real Estate Co/Phone #:

**Comments:** Locked access gate prevents us from reaching and/or evaluating the property




[Quoted text hidden]
[Quoted text hidden]

---

**I Am** <4hstrick@gmail.com>  
To: "Annette I. Warren" <AWarren@aldridgepite.com>

Fri, Jun 30, 2017 at 7:21 AM

Thank you for your quick response.
[Quoted text hidden]

--
Warm regards,
Harriet

Search    Advanced Search

## CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

Judicial Branch Home

| Courts | Self-Help | Forms & Rules | Opinions | Programs | Policy & Administration | News & Reference |

Self-Help > Eviction & Housing > **Foreclosure**

**Self-Help**

- Getting Started
- Small Claims
- Families & Children
- Divorce or Separation
- Abuse & Harassment
- **Eviction & Housing**
  - Eviction
  - **Foreclosure**
    - Foreclosure FAQs
    - Security Deposits FAQs
- Name Change
- Traffic
- Seniors & Conservatorship
- Problems With Money
- Criminal Law
- Civil Appeals
- Gender Change
- Wills, Estates, and Probate
- Self Help A-Z Index

# Foreclosure

Print    Español

**READ FIRST:** The following section provides very basic information that generally applies to most people. Foreclosure law is very complicated and does not fit a simple explanation, in part because the rules vary based on different situations. Nonprofit organizations in most counties, and even nationally, can help answer specific questions you may have about a foreclosure proceeding. We encourage you to contact NeighborWorks or a local housing legal aid agency or community-based nonprofit to find reliable information.

## What is a foreclosure?

Most people buy a home by borrowing part of the purchase price usually from a bank or a mortgage company. Other times, a homeowner borrows money against the equity in the property after the home is purchased, and this is called a "home equity loan." Sometimes people refinance their mortgage loan and combine it with a home equity loan. In all these situations, the lender usually has a lien against the home to secure repayment of the loan. When a buyer fails to make the payments due on the loan (defaults on the loan) the lender can foreclose, which means that the lender can force a sale of the home to pay for the outstanding loan.

For more information about foreclosure laws:

Foreclosure Process - Civil Code section 2924
Foreclosure Consultants - Civil Code section 2945

The law on foreclosure is changing often. Make sure you read the most updated laws.

Find legal help with a foreclosure in your county.

## Types of foreclosures

In California, lenders can foreclose on deeds of trust or mortgages using a nonjudicial foreclosure process (outside of court) or a judicial foreclosure process (through the courts). The nonjudicial foreclosure process is used most commonly in our state.

> **Nonjudicial foreclosure** is the most common type of foreclosure in California. It is used when there is a power-of-sale clause in the deed of trust that secures the mortgage loan by giving the trustee the authority to sell the home to pay off the loan balance at the request of the lender if the borrower defaults (fails to make payments).
>
> When a lender uses the nonjudicial foreclosure process against a borrower who fails to pay on a mortgage for his or her primary residence, the lender gives up the right to collect a deficiency judgment against the borrower. But most lenders prefer this process anyway because it is much faster and less costly.
>
> **Judicial foreclosure** involves filing a lawsuit to get a court order to sell the home (foreclose). It is used when there is no power-of-sale clause in the mortgage or deed of trust. Generally, after the court orders the sale of your home, it will be auctioned off to the highest bidder.
>
> Judicial foreclosures are rare in California. A judicial foreclosure allows the lender to get a deficiency judgment against the borrower. BUT the homeowner has the "right of redemption," which allows him or her to buy the home back from the successful bidder at the auction for 1 year after the sale. The process is longer and more costly than a nonjudicial foreclosure.

## Foreclosure Process

These are the main steps in a nonjudicial foreclosure, which apply to the majority of foreclosures in California.


CENTRO DE AYUDA
INFORMACIÓN EN ESPAÑOL

**QUICK LINKS**
Lawyers and Legal Help
Find Court Resources
Self Help A-Z Index


ASK A LAW LIBRARIAN
LIVE ONLINE REFERENCE

1. The lender MUST contact you and anyone else on the mortgage loan to assess your financial situation and explore your options to avoid foreclosure (called a "foreclosure avoidance assessment"). The lender:

    Cannot start the foreclosure process until at least 30 days after contacting you to make this assessment; and

    Must advise you during that first contact that you have the right to request another meeting about how to avoid foreclosure. That meeting must be scheduled to take place within 14 days. You can authorize a lawyer, HUD-certified housing counseling agency, or other advisor to talk on your behalf with the lender about ways to avoid foreclosure. You cannot be forced to accept any plan that your representative and the lender come up with during that discussion.

2. If you and the lender have not worked out a plan to avoid foreclosure, the lender can record a **Notice of Default** in the county where your home is located, at least 30 days after contacting you for the foreclosure avoidance assessment. This marks the beginning of the formal and public foreclosure process. The lender sends you a copy of this notice by certified mail within 10 business days of recording it. You then have 90 days from the date that the Notice of Default is recorded to "cure" (fix, usually by paying what is owed) the default.

    WARNING: Since the Notice of Default is recorded as a public document, many fraudulent companies and scam artists search the public records to send defaulted borrowers offers to "help" them avoid losing their homes to foreclosure. These fraudulent companies could take your money and then do nothing to help. There are free services available from government and nonprofit organizations to help borrowers. Find <u>help with a foreclosure</u>   in your county.

3. If you do not pay what you owe, a **Notice of Sale** is recorded (at least 90 days after the Notice of Default is recorded). The Notice of Sale states that the trustee will sell your home at auction in 21 days. The Notice of Sale must:

    Be sent to you by certified mail.

    Be published weekly in a newspaper of general circulation in the county where your home is located for 3 consecutive weeks before the sale date.

    Be posted on your property, as well as in a public place, usually at your local courthouse.

    Have the date, time, and location of the foreclosure sale; the property address; the trustee's name, address, and phone number; and a statement that the property will be sold at a public auction.

4. At least 21 days after the date when the Notice of Sale is recorded the property can be sold at a public auction. The successful bidder must pay the full amount of the bid immediately with cash or a cashier's check. The successful bidder gets a trustee's deed once the sale is complete. The lender usually bids at the auction, in the amount of the balance due plus the foreclosure costs. If no one else bids, your home goes to the lender.

Note: Before the foreclosure process begins, the lender or loan servicer may send you letters (over the course of several months) demanding payment. Those letters are NOT notices of default.

**Stopping the foreclosure sale**

You have up until 5 days before the foreclosure sale to cure the default and stop the process. This is called "reinstatement" of the loan. During the 21-day period after the Notice of Sale is recorded, any person or institution (like a bank) with an interest in your home has the right to redeem the home up until the nonjudicial foreclosure sale/auction. This means that they must pay the entire loan in full.

**After the foreclosure**

Whoever buys your home at the foreclosure sale/auction cannot just change the locks to the home. The new owner must serve you with a 3-day written notice to "quit" (move out) and, if you do NOT move out in the 3 days, go through the formal eviction process in court in order to get possession of the home. That process typically takes several weeks.  Learn more about the <u>eviction process</u>.

**Rights of Tenants During a Foreclosure**

If there are tenants in the house that was foreclosed on, the new owner must honor the existing lease. BUT when the tenants have a month-to-month lease or the owner/landlord also lives in the home that is being foreclosed on, the new owner can evict the tenants or former owner/landlord. In these cases, the new owner may either (1) offer the existing tenants a new lease or rental agreement or (2) begin eviction proceedings. If the new owner chooses to evict existing tenants (other than the former owner), the new owner must give the tenants at least 90 days' notice before starting eviction proceedings.

There are other rights that tenants have in eviction cases done after a foreclosure. If a tenant is not named in the complaint for the eviction, he or she may be able to challenge the eviction at any time during the case or even after the judgment for eviction is made. If you are an occupant of a foreclosed property where the new owner filed an

eviction case, talk to a lawyer or call the Tenant Foreclosure Hotline at 1-888-495-8020 to learn about your rights.

Tenants in some California cities may still have a right to stay in their buildings. Cities with eviction or rent control laws prohibit new owners from using foreclosure as a reason for evicting tenants.

**Note:** If you are a tenant and want to find out if the place you rent is in foreclosure, you can record, in your county recorder's office, a form called a Request for Notice, asking that you be notified of any foreclosure proceedings. This way you, as the tenant, will receive a copy of the Notice of Default and Notice of Sale and know the status of the foreclosure. You can buy a Request for Notice at stores that sell legal forms or get 1 from the customer service department of a title company.

**Help for tenants during a foreclosure**
There are resources for tenants to get more information about their options. Read Tenant's Rights in Foreclosed on Properties. Tenants may also call the Tenant Foreclosure Hotline at 1-888-495-8020.

Learn more details and read the federal law protecting tenants in foreclosures.

If you need additional information, talk to a lawyer. Click for help finding a lawyer.

## MORE INFORMATION ABOUT FORECLOSURE

ForeclosureInfoCA.org : A project of the Public Interest Clearinghouse and the State Bar of California, this site can direct you to legal assistance, advice on avoiding foreclosure, and information on buying a home.

A Guide to Mortgage Resources in California : This site, by the California Department of Consumer Affairs, provides information on buying and owning a home, as well as how to look for help with a current mortgage.

Housing and Economic Rights Advocates : Has consumer pamphlets, tips, and information to help you be better informed about foreclosure, preventing foreclosure, working with lenders, and other resources.

Tenants Together's Law & Resources : Information to help you know your rights, answers to frequently asked questions and resources to help you be better informed about foreclosure and your rights as a tenant in a foreclosure.

U.S. Department of Housing and Urban Development (HUD) : The Department of Housing and Urban Development's guide to avoiding foreclosure contains links that can help you find a local HUD-certified housing counselor, learn about refinancing options, and understand the steps homeowners can take to avoid foreclosure.


LEGISLATIVE INFORMATION

Home    Bill Information    California Law    Publications    Other Resources    My Subscriptions    My Favorites

Code: CIV    Section: 580D    Search

Up^    << Previous    Next >>    cross-reference chaptered bills    PDF | Add To My Favorites

Highlight

**CIVIL CODE - CIV**
  **DIVISION 3. OBLIGATIONS [1427 - 3272.9]** *( Heading of Division 3 amended by Stats. 1988, Ch. 160, Sec. 14. )*
    **PART 4. OBLIGATIONS ARISING FROM PARTICULAR TRANSACTIONS [1738 - 3273]** *( Part 4 enacted 1872. )*
      **TITLE 14. LIEN [2872 - 3081]** *( Title 14 enacted 1872. )*
        **CHAPTER 2. Mortgage [2920 - 2967]** *( Chapter 2 enacted 1872. )*

**ARTICLE 1. Mortgages in General [2920 - 2944.10]** *( Article 1 enacted 1872. )*

**2924.** (a) Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is to be deemed a pledge. Where, by a mortgage created after July 27, 1917, of any estate in real property, other than an estate at will or for years, less than two, or in any transfer in trust made after July 27, 1917, of a like estate to secure the performance of an obligation, a power of sale is conferred upon the mortgagee, trustee, or any other person, to be exercised after a breach of the obligation for which that mortgage or transfer is a security, the power shall not be exercised except where the mortgage or transfer is made pursuant to an order, judgment, or decree of a court of record, or to secure the payment of bonds or other evidences of indebtedness authorized or permitted to be issued by the Commissioner of Corporations, or is made by a public utility subject to the provisions of the Public Utilities Act, until all of the following apply:

(1) The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default. That notice of default shall include all of the following:

(A) A statement identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument number, if applicable, where the mortgage or deed of trust is recorded or a description of the mortgaged or trust property.

(B) A statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred.

(C) A statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default.

(D) If the default is curable pursuant to Section 2924c, the statement specified in paragraph (1) of subdivision (b) of Section 2924c.

(2) Not less than three months shall elapse from the filing of the notice of default.

(3) Except as provided in paragraph (4), after the lapse of the three months described in paragraph (2), the mortgagee, trustee, or other person authorized to take the sale shall give notice of sale, stating the time and place thereof, in the manner and for a time not less than that set forth in Section 2924f.

(4) Notwithstanding paragraph (3), the mortgagee, trustee, or other person authorized to take sale may record a notice of sale pursuant to Section 2924f up to five days before the lapse of the three-month period described in paragraph (2), provided that the date of sale is no earlier than three months and 20 days after the recording of the notice of default.

(5) Until January 1, 2018, whenever a sale is postponed for a period of at least 10 business days pursuant to Section 2924g, a mortgagee, beneficiary, or authorized agent shall provide written notice to a borrower regarding the new sale date and time, within five business days following the postponement. Information provided pursuant to this paragraph shall not constitute the public declaration required by subdivision (d) of Section 2924g. Failure to comply with this paragraph shall not invalidate any sale that would otherwise be valid under Section 2924f. This paragraph shall be inoperative on January 1, 2018.

(6) No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the

substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

(b) In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage. In performing the acts required by this article, a trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4.

(c) A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.

(d) All of the following shall constitute privileged communications pursuant to Section 47:

(1) The mailing, publication, and delivery of notices as required by this section.

(2) Performance of the procedures set forth in this article.

(3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure.

(e) There is a rebuttable presumption that the beneficiary actually knew of all unpaid loan payments on the obligation owed to the beneficiary and secured by the deed of trust or mortgage subject to the notice of default. However, the failure to include an actually known default shall not invalidate the notice of sale and the beneficiary shall not be precluded from asserting a claim to this omitted default or defaults in a separate notice of default.

(f) With respect to residential real property containing no more than four dwelling units, a separate document containing a summary of the notice of default information in English and the languages described in Section 1632 shall be attached to the notice of default provided to the mortgagor or trustor pursuant to Section 2923.3.

(Amended (as amended by Stats. 2010, Ch. 180, Sec. 1) by Stats. 2012, Ch. 556, Sec. 2.5. Effective January 1, 2013.)