UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC and HARRIET STRICKLEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAYVIEW SERVICING, et al.,<br><br>    Defendants. | No. 2:17-cv-1446-GEB-EFB<br><br><br>**ORDER** |

      Pro se Plaintiffs seek to enjoin a trustee sale of their property scheduled for August 2, 2017. Plaintiffs filed what they characterize as an amended motion for a temporary restraining order ("TRO") on July 19, 2017. A previous request for a TRO was denied since it did not "show[] that Defendants ha[d] been notified about the request" as required by Federal Rule of Civil Procedure 65. Order 2:1–16, ECF No. 6. Plaintiffs' present request for a TRO also fails to prove that Defendants received the required notice that a TRO is sought.

      "A temporary restraining order is a provisional remedy intended to 'preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" Woo v. Flagstar Bank, FSB, No. 2:13-cv-00697-GEB-DAD, 2013 WL 1500450, at *1 (E.D. Cal. Apr. 10, 2013) (second and third alterations in original) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439

1

(1974)). "As such, an applicant for a TRO is required to demonstrate 'immediate and irreparable injury, loss or damage'" prior to a duly noticed preliminary injunction hearing. <u>Garrett v. City of Escondido</u>, 465 F. Supp. 2d 1043, 1049 (S.D. Cal. 2006) (quoting Fed. R. Civ. P. 65(b)). Since Plaintiffs have not shown that a TRO is necessary before they can have a duly noticed hearing on a preliminary injunction scheduled, Plaintiffs' motion for a TRO, ECF No. 7, is DENIED.

Furthermore, the motion Plaintiffs characterize as an Amended Motion for Preliminary and Permanent Injunctions, ECF No. 8, is referred to the assigned magistrate judge under Local Rule 302(c)(21).

IT IS SO ORDERED.

Dated: July 20, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge